UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT LAMONT SWARN,<br><br>Defendant. | Criminal No. 20-118 (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

---

Craig R. Baune and Melinda A. Williams, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE,** 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Robert Lamont Swarn, Reg. No. 22435-041, FCI Pekin, P.O. Box 5000, Pekin, IL 61555, *pro se* Defendant.

Defendant Robert Lamont Swarn is serving a 92-month sentence after pleading guilty to possession with intent to distribute heroin. Swarn asks the Court to grant him compassionate release because of his physical injuries, COVID-19 risk, his children's welfare, and his mother's sickness. Because Swarn has failed to exhaust all administrative rights, does not adequately put forth extraordinary and compelling reasons for early release, and such a reduction would be inconsistent with 18 U.S.C. § 3553(a) sentencing factors and the applicable policy statements, the Court will deny Swarn's motion.

## BACKGROUND

In June 2020, a United States grand jury indicted Swarn for possession with intent to distribute heroin and for being a felon in possession of a firearm.  (Indictment, June 18, 2020, Docket No. 1.)  Swarn pled guilty to the charge of intent to distribute heroin and the United States dismissed the possession of firearm charge.  (Sentencing J. at 1, Dec. 10, 2020, Docket No. 55.)  The Court sentenced Swarn to 92 months in prison followed by 48 months of supervised release.  (*Id.* at 2–3.)

Swarn is currently serving his sentence at FCI Pekin, and his projected release date is October 26, 2027.  Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed July 14, 2023).  He has served approximately 20 months of his sentence.  (2nd Mot. Compassionate Release at 2, Jan. 3, 2023, Docket No. 69.)  On September 12, 2022, Swarn filed his first motion for sentence reduction and compassionate release,  (1st Mot. Compassionate Release at 2, Sept. 12, 2022, Docket No. 66.)  Before the Court had the opportunity to consider Swarn's request, he filed a second motion for sentence reduction and compassionate release on January 3, 2023.  (2nd Mot. Compassionate Release at 2.)

Swarn claims that he exhausted all administrative remedies by submitting a request to FCI Pekin's warden, and that his mother's sarcoidosis and his shoulder injuries constitute "extraordinary and compelling" circumstances.  (*Id.* at 3, 5.)  In a separate letter filed with the Court, Swarn also cites COVID-19 and his children's welfare as reasons for his early release.  (Letter to Ct. at 2–3, Jan. 3, 2023, Docket No. 68.)  The United States

opposes Swarn's motions. (Gov't Resp. Opp. Def.'s Mot. Compassionate Release at 11, Apr. 6, 2023, Docket No. 76.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the BOP, to move for compassionate release—but only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Although Swarn claims that he exhausted all administrative rights in accordance with 18 U.S.C. § 3582(c)(1)(A) by requesting early release from his warden, he has provided no evidence in support of such assertion. (*See* 1st Mot. Compassionate Release at 3; 2nd Mot. Compassionate Release at 3.) Further, the United States contends that Swarn has not in fact exhausted his administrative remedies. (Gov't Resp. Opp. Def.'s Mot. Compassionate Release at 11.) The Court must therefore deny Swarn's motion. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (dictating that "courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

For the sake of completeness, the Court will also consider Swarn's request for compassionate release on the merits. The Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to establish that they are eligible for sentence reduction. *United States v. Avalos Banderas,* 39 F.4th 1059, 1062 (8th Cir. 2022.)

Swarn first claims that his health may be grounds for compassionate release. According to Sentencing Commission guidelines, a defendant has an "extraordinary and compelling reason" for early release if they are suffering from a terminal illness. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). A defendant also has an "extraordinary and compelling reason" if they are suffering from a physical, mental, or other medical condition that "substantially diminishes" their ability to provide self-care while incarcerated. *Id.*

Swarn has rotator cuff tendinosis and likely has a labral tear. (Ex. at 1, Jan. 3, 2023, Docket No. 70-1.) Swarn also claims that asthma, obesity, and hypertension comorbidities for COVID-19 leave him vulnerable to the virus. However, none of these ailments constitute extraordinary and compelling circumstances that warrant compassionate release. Swarn's shoulder injuries are not a terminal illness. Further, he puts forth no evidence that the injuries are a "serious physical or medical condition," that he is experiencing deteriorating physical or mental health because of the injuries, or that

-4-

he is unable to obtain adequate treatment for his shoulder while incarcerated. Despite Swarn's medical issues, the Court does not consider Swarn's vulnerability to COVID-19 an "extraordinary and compelling" reason for compassionate release, in part because Swarn has been vaccinated and because the risk of COVID-19 at FCI Pekin is low. *See United States v. Rodriguez,* 2021 WL 1187149, at *1-2 (D. Minn. Mar. 30, 2021).

Swarn also asserts that his need to care of his sick mother and provide for his children constitute grounds for release. The Sentencing Commission states that the following family circumstances qualify as "extraordinary and compelling" reasons:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or];
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. n.1(C)(i)-(ii). The Sentencing Commission recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D). However, "[a]lthough U.S.S.G. § 1B1.13 makes provision for some family circumstances to be considered extraordinary and compelling reasons, care of an elderly parent is not one of them." *United States v. Gonzalez*, 2022 WL 2318545 at *2, (D. Minn. June 28, 2022). Swarn has provided no persuasive evidence that his mother is seriously ill and that he is the only one who can care for her, so her sickness does not constitute extraordinary and compelling circumstances.

Moreover, Swarn's need to care for his impoverished children is not an "extraordinary and compelling" circumstance because he provides no evidence that his children's caregiver has died, is incapacitated, or that there is no one else who can care for them. Swarn has failed to show that "extraordinary and compelling" reasons for his early release exist, so the Court must deny his request for compassionate release.

Even if Swarn presented an "extraordinary and compelling" reason, the Court would nevertheless deny his motion because his release would be inconsistent with 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors). When considering a motion for compassionate release, the Court must consider, among other factors, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Swarn has served just 20 months of his 92-month sentence. Granting compassionate release at this time would therefore result in significant sentencing disparities. Further, Swarn is a recidivist drug dealer with a violent past and has been involved in several violent incidents while in custody. Therefore, there are serious concerns that he could still be a threat to the public. Despite his claims to the contrary, Swarn has not yet demonstrated that he is rehabilitated. The Court appreciates the strides that Swarn has made while incarcerated but finds that compassionate release is not warranted at this time.

## CONCLUSION

The Court will deny Swarn's motions for compassionate release because he did not exhaust all administrative rights in accordance with 18 U.S.C. § 3582. Even if Swarn had exhausted all administrative rights, he presents no "extraordinary and compelling reasons" for compassionate release and such release would not comport with the 18 U.S.C. § 3553(a) sentencing factors.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 66] is **DENIED**; and

2. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 69] is **DENIED.**

DATED: August 2, 2023                                   s/John R. Tunheim  
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM  
                                                            United States District Judge