UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                        Plaintiff,

v.

ROBERT LAMONT SWARN,

                        Defendant.

Criminal No. 20-118 (JRT/BRT)

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

---

Craig R. Baune and Melinda A. Williams, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Robert Lamont Swarn, Register Number 22435-041, Federal Correctional Institution Pekin, P.O. Box 5000, Pekin, IL 61555, *pro se* Defendant.

Defendant Robert Lamont Swarn is serving a 92-month sentence after pleading guilty to possession with intent to distribute heroin. Swarn seeks compassionate release to assist in his mother's medical care. But Swarn does not adequately put forth extraordinary and compelling reasons for early release, and such a reduction would be inconsistent with 18 U.S.C. § 3553(a) sentencing factors and the applicable policy statements. Accordingly, the Court will deny Swarn's Motion for Compassionate Release.

## BACKGROUND

In June 2020, a United States grand jury indicted Robert Swarn for possession with intent to distribute heroin and for being a felon in possession of a firearm. (Indictment at

1, June 18, 2020, Docket No. 1.) Swarn agreed to plead guilty to the drug offense, and in return the United States agreed to dismiss the felon-in-possession charge. (Plea Agreement at 3, Aug. 4, 2020, Docket No. 34.) Swarn is currently serving his 92-month sentence at the Federal Correctional Institution in Pekin with a projected release date of October 26, 2027. (Sentencing J., Dec. 10, 2020, Docket No. 55); Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/ (last accessed July 25, 2025).

Swarn has moved for compassionate release twice before, citing his own medical conditions, his mother's health, his children's welfare, and the risks posed by COVID-19. (1st Mot. Compassionate Release at 4, Sept. 12, 2022, Docket No. 66; Letter to Ct. at 2–3, Jan. 3, 2023, Docket No. 68; 2nd Mot. Compassionate Release at 3–5, Jan. 3, 2023, Docket No. 69.) The Court denied Swarn's motions because he had not exhausted all administrative rights, he failed to demonstrate extraordinary and compelling reasons, and the § 3553(a) factors counseled against compassionate release. *United States v. Swarn*, No. 20-118, 2023 WL 4936214, at *1–3 (D. Minn. Aug. 2, 2023).

Swarn now moves for compassionate release for a third time, describing a need to care for his ailing mother. (3rd Mot. Compassionate Release at 5, Oct. 24, 2024, Docket No. 82.) Swarn submitted documentation of his mother's Stage 3 chronic kidney cancer, seizures, and other deteriorating health conditions. (Sealed Attachment to Mot. Compassionate Release, Ex. 1 ("Attachment") at 2–5, Oct. 24, 2024, Docket No. 83-1.)

Prior to filing his motion with the Court, Swarn requested early release from the Bureau of Prisons, which was denied. (*Id.*, Ex. 1 at 1.)

Swarn filed two additional motions requesting to withdraw his counsel for the purposes of his compassionate release motion (1st Mot. Misc. Relief, Apr. 18, 2025, Docket No. 85)[1] and requesting a status update on the pending motion (2nd Mot. Misc. Relief, May 27, 2025, Docket No. 88).

## DISCUSSION

### I.  STANDARD OF REVIEW

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). Once a prisoner has exhausted administrative remedies, the Court may modify the sentence after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to establish that they meet the criteria for compassionate release. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

---

[1] As Swarn has been proceeding *pro se*, the Court is unclear what relief Swarn is seeking but notes that he does not currently have counsel that would be subject to withdrawal.

## II. ANALYSIS

### A. Extraordinary and Compelling Reasons

Though Swarn's mother's medical needs are serious, they are not extraordinary and compelling reasons for compassionate release under the law.

In 2023, the Sentencing Guidelines were amended to recognize that extraordinary and compelling reasons may exist when a defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent." USSG § 1B1.13(b)(3)(C). However, the Bureau of Prisons defines incapacitation narrowly: recognizing it only when the family member (1) has "[s]uffered a serious injury, or a debilitating physical illness" such that the family member "is completely disabled, meaning that the [family member] cannot carry on any self-care and is totally confined to a bed or chair," or (2) has "[a] severe cognitive deficit (e.g., Alzheimer's disease or traumatic brain injury that has severely affected the [family member's] mental capacity or function), but may not be confined to a bed or chair." Fed. Bureau of Prisons, Program Statement 5050.50 at 10 (2019).[2]

Swarn has not met this standard. Indeed, he asserts merely that his mother needs "help at home." (3rd Mot. Compassionate Release at 5.) This vague and conclusory statement does not establish that she is unable to perform self-care or is otherwise

---

[2] Accessible at https://www.bop.gov/policy/progstat/5050_050_EN.pdf; *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference).

incapacitated within the meaning of the applicable standard. The attached medical records, while confirming some diagnoses, contain no indication that his mother is bedridden, chair-bound, or suffering from cognitive decline. (*See* Sealed Attachment at 2–5;) *see also United States v. Gonzalez*, No. 97-1476, 2022 WL 2318545, at *2 (D. Minn. June 28, 2022) (denying compassionate release and noting that the need to care for an elderly parent is "a situation faced by many, perhaps most, long-term prisoners").

Because Swarn has not shown that his mother is incapacitated, he has not established an extraordinary and compelling reason for release.

### B.   § 3553(a) Factors

Even if Swarn had shown an extraordinary and compelling reason, release would still be inappropriate in light of the § 3553(a) sentencing factors, which include the nature and circumstances of the offense, the defendant's history and characteristics, the need to promote respect for the law, and the need to protect the public. 18 U.S.C. § 3553(a).

Swarn was convicted of a serious drug trafficking offense. Although the Court imposed a sentence near the bottom of the Sentencing Guidelines range, it did so only after the United States dismissed a firearm charge carrying a mandatory minimum sentence. (Statement of Reasons at 4, Dec. 10, 2020, Docket No. 56.) In addition, Swarn has a history of violent conduct and has been involved in multiple violent incidents while in custody. *Swarn*, 2023 WL 4936214, at *3. Despite Swarn's continued rehabilitation, the Court is still concerned that Swarn would pose a danger to the community. Furthermore, he has served just over half of his 92-month sentence, which was already

at the bottom end of the Sentencing Guideline range. Further reduction would create sentencing disparities. The § 3553(a) factors still weigh against release.

## CONCLUSION

Swarn seeks early release to care for his mother. The Court is sympathetic to the difficulties Swarn's mother may be facing; however, because Swarn failed to show that she has been incapacitated, her illnesses do not rise to extraordinary and compelling reasons under the law. Independently, the § 3553(a) factors also counsel against compassionate release. Accordingly, the Court will deny Swarn's Motion for Compassionate Release and deny Swarn's miscellaneous motions as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Compassionate Release [Docket No. 82] is **DENIED**.

2. Defendant's Motions for Miscellaneous Relief [Docket Nos. 85, 88] are **DENIED as moot**.

DATED: August 11, 2025  
at Minneapolis, Minnesota.

                                                           s/John R. Tunheim  
                                                             JOHN R. TUNHEIM  
                                                       United States District Judge